IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH MALCOLM, and MARK MALCOLM | : : : |
| Plaintiffs | Case No. 4:05-CV-2582 : : |
| v. | : (Judge McClure) : |
| MONICA, INC., and JOHN DOE AND OTHERS | : : : : |
| Defendants. | : |

**MEMORANDUM**

August 20, 2007

**BACKGROUND:**

Before the court is defendant Monica, Inc.'s motion for summary judgment requesting dismissal of this matter. On December 15, 2005, plaintiffs Elizabeth Malcolm and her husband Mark Malcolm filed their complaint asserting negligence and loss of consortium claims against defendant Monica, Inc.[1] Specifically, plaintiffs allege that while leaving one of defendant's restaurants,

---

[1] Originally, plaintiffs also sued Neema Enterprises, Inc., Choice Hotels International, Inc., All Star Sports Bar and Grill, Barry Straub and Randy Garman. On May 29, 2007, however, we granted a stipulation of counsel dismissing these parties. As a result, plaintiffs' only remaining claims are against Monica, Inc., John Doe and others.

Elizabeth Malcolm fell down a negligently maintained single-step entranceway and suffered injury. On May 30, 2007, defendant filed its summary judgment motion. Defendant argues that plaintiffs have failed to produce sufficient evidence of negligence.

Defendant's motion for summary judgment is ripe for decision. For the following reasons, we will deny defendant's motion.

**DISCUSSION:**

### I. Standard of Review

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

"If the nonmoving party has the burden of persuasion at trial, 'the party moving for summary judgment may meet its burden by showing that the

evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In evaluating a motion for summary judgment the court will draw all reasonable inferences from the evidence in the record in favor of the nonmoving party. Am. Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, (3d Cir. 1995). The nonmoving party, however, cannot defeat a motion for summary judgment by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that demonstrates that there is a genuine issue as to a material fact. See Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## II. Statement of Facts

On January 20, 2004, Mr. and Mrs. Malcolm entered the dining area of the restaurant "All Star Sports Bar and Grill", which was located at the Quality Inn and Conference Center in Shamokin Dam, Pennsylvania. Monica, Inc. owned both the hotel and restaurant since December 2000. The restaurant had a platform dining

area which could only be accessed by entering and exiting over a single step. Plaintiffs contend that the flooring material above and below the step was the same, there were no contrasting marking stripes or "leading edge indicators", there were no handrails for the step, the overhead lighting was dim, and the area around the step was dark. Further, plaintiffs contend that there was a piece of white paper located to the right side of the step that was intended to act as a warning regarding the step. While proceeding to the dining area, Mr. Malcolm noticed the single step, and informed his wife about the step's existence. Both Mr. and Mrs. Malcolm successfully walked up the step and proceeded to have breakfast in the dining area. Although the parties dispute how long the plaintiffs dined, it appears it took no longer than forty minutes. See (Pls.' Statement of Material Facts, Doc. Rec. No. 40, at ¶ 13.) After finishing breakfast, Mrs. Malcolm proceeded to the same single step she walked up when entering the dining area. This time she fell, which resulted in significant injury.

      The defendant represents that since it obtained ownership of the restaurant in December 2000, noone has complained about the single step, nor had any employee been told that the step constituted a dangerous condition. Defendant further states that thousands of people have walked up and down the step, and that to its knowledge noone has fallen at the step since Mrs. Malcolm fell on January

20, 2004.  Plaintiffs do not offer evidence contradicting these assertions, but rather argue that defendant's assertions are not fully supported in the record.

### III.  Plaintiff's Negligence Claim

Plaintiffs claim that defendant negligently maintained the single-step entrance and exit to the dining area, and that this negligence caused Mrs. Malcolm's injuries.  Under applicable Pennsylvania law, to establish liability of a possessor of land to his invitee for harm caused by a condition on the land, the invitee must establish that the possessor of land: (a) knew or by the exercise of reasonable care would have discovered the condition, and should have realized that it involved an unreasonable risk of harm to the invitee, (b) should expect that the invitee will not discover or realize the danger, or will fail to protect himself or herself against it, and (c) fails to exercise reasonable care to protect the invitee against the danger.  See Neve v. Insalaco's, 771 A.2d 786, 790 (Pa. Super. 2001) (quoting Restatement (Second) of Torts § 343).  A possessor of land, however, does not insure his invitees, and the mere existence of a harmful condition or the mere happening of an accident does not evidence a breach of the possessor's duty of care.  Neve, 771 A.2d at 790.  Indeed, "no liability exists when the dangerous condition is known or obvious to the invitee unless the proprietor should anticipate the harm despite such knowledge." Campisi v. Acme Mkts. Inc., 915 A.2d 117,

120 (Pa. Super. 2006) (citing Restatement (Second) of Torts § 343A(1)).

Defendant argues that the plaintiffs cannot meet their burden of proof because (1) the step in question did not pose an unreasonable risk of harm, and (2) the step was open and obvious to the plaintiffs and therefore they knew of the alleged dangerous condition. We disagree, and find that plaintiffs have presented sufficient evidence to counter both these arguments and defeat defendant's motion for summary judgment.

Regarding defendant's first argument, plaintiffs have provided evidence raising genuine issues of material fact as to whether the single step may have posed an unreasonable risk of harm. Plaintiffs' evidence suggests that the single step was not well demarcated from the surrounding floor, that there were no handrails for the step, and that the area surrounding the single step was not well-lit. Pennsylvania courts have noted that it is the possessor of land's duty to allow invitees to see such a step, which includes the duty to keep the area well-lit. See O'Neill v. Batchelor Bros., Inc. Funeral Homes, 219 A.2d 682, 684 (Pa. 1966) (citing Haddon v. Snellenburg, 143 A. 8, 9 (Pa. 1928)). Resolving all reasonable inferences from the evidence in plaintiffs' favor, as we are required to do at this stage, we find that plaintiffs' evidence suggests defendant did not meet its duty of keeping the step well-lit and noticeable. Thus, genuine issues of material fact exist


as to whether the single step posed an unreasonable risk of harm.

We further find that the plaintiffs have provided sufficient evidence to suggest that defendant should have know about this harm. Mr. Malcolm testified in his deposition that there existed a white piece of paper near the step with illegible writing on it. Plaintiffs argue that this piece of paper acted as a warning to customers of the single step's existence, which suggests the defendant was aware of the potential harm created by the single step. At trial, plaintiffs may or may not be able to draw such an inference from this evidence, but at this stage of the litigation we must give plaintiffs the benefit of the doubt and find that genuine issues of material fact exist as to whether the defendant knew the single step posed an unreasonable risk of harm to its patrons.[2]

Plaintiffs have also provided sufficient evidence to counter defendant's second argument concerning the obviousness and openness of the step. Specifically, the alleged lack of lighting surrounding the step supports plaintiffs' position that the step was not open or obvious. Although defendant has convincing

---

[2] We also note that plaintiffs offer expert testimony to establish that, according to building codes and practices, a single-step entranceway constitutes a dangerous condition. We do not rely on this evidence, however, in part because Pennsylvania law suggests that such an entranceway does not constitute negligent construction. See Strawhacker v. Stephen F. Whitman & Son, Inc., 33 A.2d 349, 350 (Pa. Super. 1941) (citing Hixenbaugh et al. v. J. G. McCrory Co., 20 A.2d 910 (Pa. Super. 1941)).

evidence that Mrs. Malcolm was made aware of the step just forty minutes before her fall and in fact successfully stepped up it, there is testimony that she did not remember doing so at the time she exited the dining area.  This testimony, combined with evidence suggesting the step was inconspicuous, is sufficient to raise genuine issues of material fact as to whether the step was in fact open and obvious to the plaintiffs.

    We are mindful that defendant appears to offer strong evidence that it was not negligent, which includes testimony that the step did not cause similar harm before or after Mrs. Malcolm fell, and evidence that the plaintiffs were made aware of the step and successfully stepped up it just forty minutes prior to the accident. Nevertheless, at this stage of the litigation, it is not our duty to determine which side has the stronger argument.  Rather, we must, after drawing all reasonable inferences from the evidence in favor of the plaintiffs, determine whether genuine issues of material fact exist.  Because we find that such issues do

exist, we will deny defendant's motion for summary judgment.[3]

> s/James F McClure, Jr.
> James F. McClure, Jr.
> United States District Judge

---

[3] Because we find plaintiffs' negligence claim survives defendants' motion for summary judgment, we likewise find plaintiffs' loss of consortium claim - which is derivative of plaintiffs' negligence claim - also survives.  See Scatteregia v. Shin Shen Wu, 495 A.2d 552, 553 (Pa. Super. 1985) (noting that loss of consortium claims are derivative).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH MALCOLM, and<br>MARK MALCOLM | : <br> : <br> : | Case No. 4:05-CV-2582 |
| Plaintiffs | : <br> : | |
| v. | : <br> : | (Judge McClure) |
| MONICA, INC., and JOHN DOE<br>AND OTHERS | : <br> : <br> : | |
| Defendants. | : | |

**O R D E R**

August 20, 2007

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

Defendant's motion for summary judgment is denied.  (Doc. Rec. No. 36.)

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge